**Karl ZYSSET and New-Nel Kitchen Products Company, Plaintiffs,**

v.

**POPEIL BROTHERS, Inc., Defendant.**
**Civ. A. No. 57 C 763.**

United States District Court
N. D. Illinois, E. D.
Nov. 21, 1958.

---

See also 167 F.Supp. 362.

Albin C. Ahlberg, Chicago, Ill., for plaintiff Zysset.

Warren C. Horton, Chicago, Ill., for plaintiff New-Nel.

Jack E. Dominik, Ooms & Dominik, George B. Christensen, Neil McKay, Winston, Strawn, Smith & Patterson, Charles L. Byron and Will Freeman and Dimitri Allegretti (of Bair, Freeman & Molinare), Chicago, Ill., for defendant.

PERRY, District Judge.

Defendant having filed a petition herein for a mandatory order and injunction against plaintiffs, and the parties having filed affidavits in support of and in opposition to said petition, and exhibits having been offered marked and received in evidence, and the parties having presented briefs, and the Court having heard oral arguments on behalf of the respective parties, and the Court having duly considered the matters presented before it in support of and in opposition to said petition, the Court does now Find and Conclude as follows:

1. The defendant's petition charges that plaintiff New-Nel Kitchen Products Company, since the entry of the decree herein, has filed an action in this District and Division against F. W. Woolworth Company, charging said defendant with infringement of the patent here in suit by the sale of food choppers made by defendant and heretofore found to infringe the patent here in suit. The petition further charges that said action against the Woolworth Company has been for the purpose of harassing and injuring the defendant and that said action is not necessary for the protection of plaintiff's rights. Defendant further contends that the injunction granted by the judgment herein having been

superseded by order of the Court, upon the filing of security in the sum of $5,000 face value bonds issued by the United States of America, the defendant is free to make and to sell and its customers are free to sell the food choppers heretofore found to infringe the patent in suit, pending decision in the appeal herein. Defendant asks the Court to require plaintiff New-Nel Kitchen Products Co. to dismiss the action against the Woolworth Company, and to enjoin both plaintiffs herein from suing or threatening to sue customers of the defendant by reason of the sale of any food choppers heretofore found in this cause to infringe the patent in suit.

2. Plaintiffs contend that the defendant is guilty of inequitable conduct against plaintiffs since the entry of the decree herein and since the supersedeas order was entered, in that defendant has misused the grant of supersedeas herein to aggravate and increase its adjudged infringement by reducing prices of such products in the marketplace to at or below the cost of production of the patented food choppers by the licensee New-Nel Kitchen Products Company, for the purpose of injuring and harming plaintiffs by destruction of the market price for the patented products, as such prices prevailed at the time of the trial of this cause, during the appeal period, and to "dump" infringing goods upon the market during such period.

3. It appears from the record that on or about October 27, 1958, plaintiff New-Nel Kitchen Products Company filed an action in This Court, No. 58 C 1916, charging F. W. Woolworth Company with infringement of the patent here in suit by the sale of products manufactured not only by the plaintiff but also by other manufacturers, including Morris Brothers Inc. and Automatic Industries, Inc. Said action has been assigned to the calendar of This Court and further proceedings therein are now under the jurisdiction and control of This Court.

4. No showing has been made that the plaintiffs have sued, or threaten to sue, any other party than the F. W. Woolworth Company, which could be considered as a customer of the defendant.

5. The action filed against the F. W. Woolworth Company referred to herein was filed in good faith, not for the purpose of harassing defendant, Popeil Brothers, Inc., but in the reasonable belief that it was necessary to protect plaintiffs' rights not only as against sales by Woolworth of defendant's goods, but also as to sales of infringing food choppers manufactured by others than the defendant.

6. Nelson Affidavit Exhibit A, offered in evidence by plaintiffs and received herein, is a food chopper which appears to have been manufactured by Automatic Industries, Inc. and which was sold by F. W. Woolworth Company since the decree herein at a price of 99¢.

7. Simon Affidavit Exhibit A, offered in evidence by plaintiffs and received herein, is a food chopper purchased from F. W. Woolworth Company for the price of 99¢, plus sales tax, on October 24, 1958 and, subsequent to the filing of defendant's petition herein, the same article was on sale, at the same price, which evidences continued sale of such articles at that price by Woolworth, contrary to the contention by defendant that Woolworth had discontinued sale of defendant's products since the filing of action 58 C 1916. Said exhibit bears no manufacturer's name but it is marked with a trade-mark "Roto-Chop" used by the defendant. That it was manufactured by defendant is not denied. The said exhibit includes a circular package portion prominently displaying "U. S. Pat. No. 2,726,308" which appears to be a representation that the food chopper is patented. However, the United States Patent of that number is not a patent for a food chopper, but is for a "Welding Method".

8. The food choppers, Nelson Affidavit Exhibit A and Simon Affidavit Exhibit A, appear to be substantially identical to the food choppers adjudged to be infringements in this cause.

9. At the time of the trial herein, it was stated by defendant that the prevailing wholesale price of food choppers sold by defendant to large customers, such as Sears, Roebuck & Co., was 98¢ per unit. The prevailing retail price for such products, which were found to infringe the patent in suit, was $1.98 at that time.

10. The reduction of price by defendant after the trial and prior to judgment was a substantial change in the status quo herein pending appeal, and the reason for such change is not explained by defendant, and that it was done for the purpose of injuring plaintiffs in the marketplace is not denied.

11. The supersedeas bond herein was fixed by the Court for the purpose of expediting an appeal, and to protect plaintiffs' costs and expenses on appeal. It was not intended by the Court to be, and is not, an indemnification bond to protect plaintiffs against infringement damages, nor to protect customers of the defendant who might thereafter purchase the food choppers held to infringe.

12. The plaintiff, Karl Zysset, is not shown to have sued or to have threatened to sue any customer of defendant.

13. The plaintiff, New-Nel Kitchen Products Company, gave notice of infringement to F. W. Woolworth Company and, as noted above, has filed action against said company.

14. The defendant's petition is without equity and should be, in all respects, denied.

### Conclusions of Law.

1. Although this action is on appeal, this Court has jurisdiction of the petition herein under and by virtue of Fed.Rules Civ.Proc. rule 62(c), 28 U.S. C.A.

2. The action filed by plaintiff, New-Nel Kitchen Products Company, against F. W. Woolworth Company was filed in good faith, with the reasonable belief by said plaintiff that it was necessary to protect its rights.

3. No inequitable threats of suit against customers of defendant have been made by either plaintiff.

4. The defendant's actions since the trial of this cause herein in reducing prices have so changed the status quo of the conditions existing at the time of the judgment herein that to grant the relief prayed by the petition would be inequitable.

5. Defendant's petition is without equity and the relief prayed therein should be denied.

6. Plaintiffs are entitled to recover costs herein, to be determined at final hearing.